**Bohumil Ruzicka, Appellee, v. Willy H. Lau, Appellant.**

**Gen. No. 23,286. (Not to be reported in full.)**

**Joseph Korinek, Appellee, v. Willy H. Lau, Appellant.**

**Gen. No. 23,287. (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917.

### Statement of the Case.

Consolidated actions by Buhumil Ruzicka and Joseph Korinek, respectively, plaintiffs, against Willy H. Lau, defendant, to recover on a promise by defendant to repay plaintiffs for stock purchased in the corporation in which defendant owned nearly all the stock. From a judgment for plaintiffs for $390 and $200, respectively, defendant appeals.

EASTMAN, WHITE & HAWXHURST, for appellant; RALPH R. HAWXHURST and HOMER C. DAWSON, of counsel.

CHARLES S. HAMILTON, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 149*—*when evidence shows promise by stockholder to personally purchase stock.* Evidence *held* sufficient to sustain a finding that defendant, the owner of nearly all the stock in a corporation, orally promised to employees purchasing stock to personally purchase the shares of the stock if such employees left the service of the corporation.

2. CORPORATIONS, § 142*—*when promise by stockholder to repurchase stock is based upon consideration.* A promise by a stockholder, who transfers his stock to a corporation, to employees purchasing stock that he will personally repurchase their shares upon their leaving the service of the corporation is based upon a consideration where the stock is in fact the property of such stockholder, and he derives direct personal benefit from the contract.

3. FRAUDS, STATUTE OF, § 25*—*when contract for repurchase of stock is not within.* A contract for the repurchase of stock by a stockholder of a corporation from employees purchasing stock upon the latter leaving the employ of the corporation is not within the Statute of Frauds, because it is not to be performed within a year, where it is completely executed upon the part of the employees and the latter could at any time within a year have terminated their employment with the corporation.

4. MUNICIPAL COURT OF CHICAGO, § 13a*—*what does not constitute material variance in fourth-class case.* In a fourth-class case in the Municipal Court of Chicago, a variance between the pleading and proof as to the date of the execution of an oral contract sued on *held* not so material as to warrant a reversal where defendant was fully apprised of the nature of the claim against him.

5. MUNICIPAL COURT OF CHICAGO, § 28*—*when claim of variance is too late.* The claim of variance between a statement of claim and the proof is too late where the objection is first raised on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.